AF Approval ______ Chief Approval ______

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 8:17-cr-189-T-36TGW

GREGORY RAYMOND ORTH

# PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by W. Stephen Muldrow, Acting United States Attorney for the Middle District of Florida, and the defendant, GREGORY RAYMOND ORTH, and the attorney for the defendant, Mark Rankin, mutually agree as follows:

## A. Particularized Terms

1. Count Pleading To

The defendant shall enter a plea of guilty to Count One of the Information. Count One charges the defendant with possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of 3,4 - methylenedioxymethamphetamine, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

2. Maximum Penalties

Count One carries a maximum sentence of 20 years imprisonment, a fine not to exceed $1,000,000, a term of supervised release of at least 3 years up to life, and a special assessment of $100 per felony count for individuals, and $400 per felony count for persons other than individuals, such as corporations. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

3. Elements of the Offense(s)

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

First: That the defendant knowingly and intentionally possessed 3,4 –methylenedioxymethamphetamine (MDMA) as charged;

Second: That the defendant possessed the 3,4 – methylenedioxymethamphetamine (MDMA) with the intent to distribute it.

4. Indictment Waiver

Defendant will waive the right to be charged by way of indictment before a federal grand jury.

5. No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6. Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable Guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

7. Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot

and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8. Cooperation - Substantial Assistance to be Considered

The defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify – subject to a prosecution for perjury or making a false statement – fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters; such cooperation will include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in the defendant's possession or control, and the defendant will make himself reasonably available for interviews that the United States may require.

If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both.

If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b).

In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

9. Use of Information - Section 1B1.8

Pursuant to USSG § 1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

10. Cooperation - Responsibilities of Parties

a. The government will make known to the Court and other relevant authorities the nature and extent of the defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime. However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b. It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

(1) The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2) The United States may prosecute the defendant for the charges that are to be dismissed pursuant to this agreement, if any, and

may either seek reinstatement of such charges or refile them and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement. With regard to such charges, if any, that have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of the defendant's rights as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), not to be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges that may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3) The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement the United States agrees to forego, and the defendant

agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4) The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5) The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, the defendant will be entitled to the sentencing limitations, if any, set forth in this Plea Agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire Plea Agreement null and void.

11. Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 21 U.S.C. § 853, whether in the possession or control of the United States, the defendant, or the defendant's nominees.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative

forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, was not addressed by the Court at the time of the guilty plea, was not announced at sentencing, or was not incorporated into the judgment.

If the United States seeks the forfeiture of specific assets pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by

the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant further agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, surrender of title, signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for

acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors, and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

**B. <u>Standard Terms and Conditions</u>**

1. <u>Restitution, Special Assessment and Fine</u>

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further

understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing.

The defendant understands that this agreement imposes no limitation as to fine.

2. Supervised Release

The defendant understands that the offense to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed

from the United States, denied citizenship, and denied admission to the United States in the future.

4. Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5. Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of the execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including

those held by a spouse, dependent, nominee, or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records, and any other financial information concerning the defendant for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6. Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to

make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between the defendant or the defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, the defendant will not be permitted to withdraw defendant's plea pursuant to this Plea Agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7. Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable Guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable Guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c)

the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8. Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring the defendant's cooperation, if any, to the attention of other prosecuting officers or others if requested.

9. Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this case, at the time of defendant's entry of a plea of guilty pursuant hereto.

10. Voluntariness

The defendant acknowledges that the defendant is entering into this Plea Agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and the defendant's attorney and without promise of benefit of

any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges the defendant's understanding of the nature of the offense or offenses to which the defendant is pleading guilty and the elements thereof, including the penalties provided by law, and the defendant's complete satisfaction with the representation and advice received from the defendant's undersigned counsel (if any). The defendant also understands that the defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that the defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against the defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in the defendant's defense. By pleading guilty, however, the defendant waives or gives up those rights and there will be no trial. The defendant further understands that if the defendant pleads guilty, the Court may ask the defendant questions about the offense or offenses to which the defendant pleaded, and if the defendant answers those questions under oath, on the record, and in the presence of counsel (if any), the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement. The defendant also understands that the defendant will be

adjudicated guilty of the offenses to which the defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms.

11. Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that the defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

FACTS

On February 4, 2017, a Clearwater Police Department ("CPD") confidential informant ("CI") informed a DEA Task Force Officer ("TFO") that defendant Gregory Orth was trafficking Ecstasy pills in the Orlando area. The CI directed the DEA TFO to Orth's Facebook page and positively identified Orth based on his photograph in the Florida Driver and Vehicle Information Database.

Between February 4 and February 5, 2017, the CI engaged in a series of controlled calls with Orth in which the Orth agreed to sell 3,000 pills containing 3,4 –methylenedioxymethamphetamine ("Ecstasy" or "MDMA") to the CI in exchange for $30,000. At the CI's suggestion, Orth agreed to meet

the CI and conduct the sale in the parking lot of the Lowe's hardware store located at 2619 Gulf to Bay Boulevard, inside the Clearwater Mall. Orth advised the CI that he would be driving a black Toyota Corolla.

On February 5, 2017, at approximately 11 a.m., a team comprised of DEA agents and CPD officers initiated surveillance of the Lowe's parking lot. At approximately 11:45 a.m., defendant Orth drove into the Lowe's parking lot in a black Toyota Corolla with Florida registration number DSDS34 and parked in an area with no other vehicles. The CI then drove his/her car to that location and met with Orth, who exited his vehicle to engage the CI in conversation.

Orth displayed the 3,000 pills, which were in the backseat of Orth's Toyota Corolla, to the CI, who then asked Orth to hold on while he called his buyer to let him know "that it is all here." The CI then called a DEA agent and notified him that Orth was in possession of the pills. A team of law enforcement officers moved in and arrested Orth, who was still standing outside of the Corolla.

Inside Orth's Toyota Corolla, DEA officers found a red shopping bag, which contained a heat sealed bag, a large zip lock bag, and a smaller zip lock bag, which contained approximately 3,000 Ecstasy/MDMA pills, each stamped "LV," weighing approximately 1,333 grams. Presumptive field tests

of the pills were positive for 3,4 –methylenedioxymethamphetamine (MDMA).

After being advised of his *Miranda* rights, Orth confirmed that the Ecstasy pills found in the Corolla belonged to him. He confessed that he was bringing the "bean," a term that he explained refers to Ecstasy or "tabs," to an individual (the CI) in exchange for $30,000. Orth stated that his supplier had provided him the Ecstasy pills on consignment and that he owed his supplier $20,000 for the pills.

The above is merely a brief summary of the events, some of the persons involved, and other information relating to this case. It does not include, nor is it intended to include, all of the events, persons involved, or other information relating to this case.

12. Entire Agreement

This Plea Agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or the defendant's attorney with regard to such guilty plea.

13. <u>Certification</u>

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 21st day of April, 2017.

W. STEPHEN MULDROW
Acting United States Attorney

Gregory Orth
Defendant

Mike Gordon
Assistant United States Attorney

Mark Rankin
Attorney for Defendant

Christopher F. Murray
Assistant United States Attorney
Chief, Violent Crimes and Gangs Section

*T:_Cases\Criminal Cases\O\Orth, Gregory_2017R00592_MMG\p_plea agreement.docx*